JOSEPH A. STOY, appellant,

v.

EMMA J. STOY, respondent.

1. A husband may make to his wife, through the intervention of a third party, a mortgage on his lands, in consideration of a mortgage for a less amount assigned by her to him, which equity will sustain as a gift.

2. Alimony which accrues after the docketing of the decree allowing it in the supreme court, becomes a lien on the lands of the defendant as fast as it becomes due.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions:

This bill was filed to foreclose a mortgage given by the defendant, Mr. Stoy, to Stella B. Lilly, dated March 29th, 1883, to secure the payment of a bond for a like sum. At the time of the execution and delivery of this bond and mortgage, it was delivered to Stella B. Lilly. At the same time, said Lilly executed an assignment of the said bond and mortgage, and delivered them

NOTE.—It has been held in this state (*Holmes* v. *Holmes, 2 Stew. Eq. 9 ;* see *Vreeland* v. *Jacobus, 4 C. E. Gr. 231 ; Calame* v. *Calame, 9 C. E. Gr. 440 ; 10 Id. 518*) that alimony may be made a charge on the husband's lands, and the same principle prevails in other states. *O'Callaghan* v. *O'Callaghan, 69 Ill. 552 ; Russell* v. *Russell, 4 Greene (Iowa) 26 ; Harshberger* v. *Harshberger, 26 Iowa 503 ; Frakes* v. *Brown, 1 Blackf. 295 ; S. C., 8 Blackf. 295 ; Blankenship* v. *Blankenship, 19 Kan. 159 ; Burrows* v. *People, 107 Mass. 428 ; Sapp* v. *Wightman, 103 Ill. 150 ; Yackle* v. *Wightman, Id. 169 ; Hills* v. *Hills, 76 Me. 486 ; Questel* v. *Questel, Wright 492 ; Clinton* v. *Clinton, L. R. (1 P. & D.) 215 ;* see *Hyde* v. *Hyde, 4 Sw. & T. 80 ; Medley* v. *Medley, L. R. (7 P. & D.) 122 ; Lawton's Case, 12 R. I. 210 ; Campbell* v. *Campbell, 37 Wis. 206 ; Groves's Appeal, 68 Pa. St.*

to the said complainant.   The defendant, Stoy, resists the com-
plainant in her attempt to recover the amount due upon the said
bond and mortgage.   He says, except for $1,000 and interest,
they are without consideration, and usurious.   Mrs. Stoy insists
that the said bond and mortgage, above the said $1,000, was a
gift to her by her husband.   The question is, Can it be consid-
ered a gift?   I will state the principal facts.

Mr. Stoy called upon Mr. Jenkins, his counsel, and told him
he was going to give his wife a mortgage on his property for
$5,000, as a present or gift, and asked him if it could be done.
Mr. Jenkins told him it could through a third party, provided
he had no creditors.   He then told Mr. Jenkins to draw the
papers.   He drew them, Stoy giving to Mr. Jenkins a deed con-
taining a description of the property.   About one week after this
the papers were executed and delivered.   Mrs. Lilly and Mr.
Jenkins meet Mr. Stoy and wife at Mr. Stoy's house.   In the
presence of all the parties Mr. Jenkins told Mrs. Lilly that Mr.
Stoy intended to give his wife a $5,000 mortgage on his property.
The mortgage was then made to Mrs. Lilly, with the under-
standing that she should assign it to Mrs. Stoy.   Mrs. Lilly
said she so understood it.   Mr. Stoy was present during the con-
versation, and immediately afterwards executed the bond and
mortgage.   Mrs. Lilly executed the assignment.   All three of
the papers were immediately delivered to Mrs. Stoy, who handed
them, at the same time, to Mr. Jenkins, requesting him to have
the mortgage and assignment recorded.   Mrs. Stoy paid for the
recording.

143; *Barnes* v. *Barnes,* 59 *Iowa 456; Perkins* v. *Perkins,* 16 *Mich. 162; Fos-
ter* v. *Foster,* 56 *Vt. 540.*

In some instances, courts have refused to declare future alimony a lien.
*Casteel* v. *Casteel,* 38 *Ark. 477; Olin* v. *Hungerford,* 10 *Ohio 268; Kurtz* v.
*Kurtz,* 38 *Ark. 119.*

*Query,* whether the charge on the husband's lands would remain after his
death, since, ordinarily, alimony is only considered a personal charge which
terminates with the death of either party.   *Lockridge* v. *Lockridge,* 3 *Dana
30; Gaines* v. *Gaines,* 9 *B. Mon. 299; Dewees* v. *Dewees,* 55 *Miss. 315; Francis*
v. *Francis, 31 Gratt. 283; Field* v. *Field,* 15 *Abb. N. C. 434; Lennahan* v.
*O'Keefe, 107 Ill. 620; McCurley* v *McCurley,* 60 *Md. 185; 62 Md. 422;* and
cannot be recovered by the wife after her husband's death, *2 Bishop M. & D.*

Mrs. Stoy speaks of the origin and consummation of this transaction. Her language is:

"He asked me if I would give him $1,000, a mortgage that I had on my brother's farm; he said he was in debt, and it was right for him to pay his debts off, and I told him it was dreadful to be in debt so soon after his father's death, and, if it continued in that way, it would all be gone soon, and I said unless he gave me something for the mortgage I would not give it to him; I then proposed that he should give a deed for the farm, and he said he would not; it was his own proposition to give me a mortgage for $5,000; I told him I would take it; he told me to see Mr. Jenkins, and have it done in a lawful manner; I went and saw Mr. Jenkins, and he told me it would be necessary to have a third party."

She says, in that same interview, that her husband said:

"In case he was to get into trouble, or anything should happen them, I would have that as my own, and with that and my life right in the property I could get along very nicely; that is exactly what he said."

Mrs. Ludlum, called by defendant, says that she asked Mrs. Stoy how she came to get a $5,000 mortgage of Mr. Stoy, and that Mrs. Stoy said she would not let her husband have her $1,000 until he gave her a $5,000 mortgage. She says that Mrs. Stoy added:

"I did it for the best; I did it to save our home, so that the 'Doc' could not put any more encumbrance on our property."

If this transaction was a gift, the defence cannot prevail. Clearly, it had all the solemnities of the most important contract. Mr. Jenkins, Mr. Lilly, Mrs. Lilly and Mrs. Stoy, understood

§§ 363, 428, 438; Pearson v. Darrington, 32 Ala. 254; Swan v. Harrison, 2 Coldw. 534; Shafer v. Shafer, 30 Mich. 163; O'Hagan v. O'Hagan, 4 Iowa 509; Beach v. Beach, 29 Hun 181; Stones v. Cook, 7 Sim. 22; 8 Sim. 321, note; see, further, De Blaquiere v. De Blaquiere, 3 Hagg. 322; Miller v. Clark, 23 Ind. 370; Hansford v. Van Auken, 79 Ind. 302; Dinet v. Eigenmann, 80 Ill. 274; McCollum v. McCollum, 1 Heisk. 566; Burr v. Burr, 10 Paige 20, 166, 7 Hill 207; Thomas v. Thomas, 57 Md. 504; Clark v. Clark, 6 Watts & S. 85; Crain v. Cavana, 62 Barb. 109; Anonymous, 12 Abb. N. C. 160; Bennett v. O'Fallon, 2 Mo. 69; Fishli v. Fishli, 2 Litt. 337; Stratton v. Stratton, 77 Me. 373; Knapp v. Knapp, 134 Mass. 353; Miller v. Miller, 64 Me. 484.—Rep.

that Mr. Stoy was making a gift of the bond and mortgage to his wife. Such gifts are universally upheld in the law.

That the courts are disposed to uphold such transactions, see the case of *Aller* v. *Aller, 11 Vr. 446,* and the many cases there cited. I refer also to *Lister* v. *Lister, 8 Stew. Eq. 49,* some of the features of which are quite similar to the case before me. In that case the chancellor was sustained by the court of last resort. See *10 Stew. Eq. 331.*

I think the complainant is entitled to the $5,000, and interest and costs. I will so advise.

I think the exceptions should be overruled. The discussion was to the amount due upon the order and decree for alimony. It was urged that nothing could be allowed on the decree of this court subsequent to the day of the docketing of such decree in the supreme court. This does not seem to me to be in reason. We allow interest, for example, on all decrees so docketed, not only on that which has accrued at the time of docketing, but also on that which accrues afterwards. Now the decree of the court is that the defendant, or other party against whom it is made (in suits for divorce it may be against complainants), shall pay a certain sum per week, each and every week, which is just as definite or absolute as the accruing of interest, and I cannot imagine any reason why it should not become a lien as it accrues, as does interest. I shall so advise.

I am asked to advise a stay of execution during the pendency of the appeal in this case. I can see no sufficient reason for so doing. I think the complainant is entitled to the execution of the decree which the court has awarded.

*Messrs. Bergen & Bergen,* for appellant.

*Mr. C. E. Hendrickson,* for respondent.

Per Curiam.

This decree unanimously affirmed, for the reasons given by the vice-chancellor.